THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:09-CV-55-FL

| | | |
|---|---|---|
| LENA M. BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM AND RECOMMENDATION** |

This matter comes before this Court on the motion filed by Defendant to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant has also moved to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c), E.D.N.C. Plaintiff has responded to Defendant's motion [DE-15] and Defendant has filed a Reply [DE-16]. Accordingly, the motion is ripe for ruling. For the reasons set forth below, this Court recommends allowing Defendant's motion to dismiss for lack of subject matter jurisdiction.

## I. PROCEDURAL HISTORY

On 9 April 2009, Plaintiff initiated this action against Defendant, challenging the lawfulness of the 28 March 2008 dismissal of her request for a hearing on her claim for disability

insurance benefits[1] by the Administrative Law Judge ("ALJ") based on the doctrine of *res judicata*. [DE-4].

Plaintiff first filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 405(g) ("Section 405(g)), on 14 September 2004. Paul Halse Decl. ("Halse Decl.") ¶ (4)(a) [DE-16.2].[2] On 6 January 2005, the Social Security Administration ("SSA'") denied her claim and Plaintiff did not appeal this decision. *Id.* [DE-16.2 & Ex. 1]. Plaintiff was not represented by counsel during this administrative proceeding. *See* Pl.'s Resp. to Comm'r's Mot. to Dismiss ("Pl.'s Resp.") at 3 n.2 (explaining "she was not represented by counsel until after the time had run for her to request reconsideration").

Plaintiff filed a second application for disability insurance benefits on 3 November 2006. *Id.* ¶ (4)(b) [DE-16.2 ¶(4)(b)]. The SSA denied Plaintiff's second claim initially [DE-16.2, Ex. 2] and upon reconsideration [DE-16.2, Ex. 4]. Plaintiff then requested a hearing before an ALJ. On this occasion, Claimant was represented by counsel. Order of Dismissal at 7 ¶ 1 [DE-13.2]. However, by order entered 28 March 2008, the ALJ dismissed Plaintiff's request for a hearing based on the doctrine of administrative *res judicata*. *Id.* at 8 [DE-13.2]. The ALJ explained that Plaintiff's second claim involved the same facts and issues as those presented in Plaintiff's first claim and that no new and material evidence had been submitted indicating a change in

---

[1] Details of Plaintiff's claim, such as her alleged impairments and limitations therefrom, are not presented to the Court and the parties do not rely on such information in presenting their arguments.

[2] Paul Halse is the Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. He is responsible for the processing of claims under Title II of the Act whenever a civil action has been filed in Federal Court in the State of North Carolina. Halse Decl. at 1, 3 ¶ 4 [DE-13.2, DE-16.2].

Plaintiff's health on or before 31 December 2004, the date last insured ("DLI"). *Id.* at 7 ¶ 5 [DE-13.2]. The ALJ found further that the earlier decision of 6 January 2005 should remain final and not be reopened as none of the conditions for reopening set forth in 20 C.F.R. § 404.988 was present. *Id.* at 7 ¶ 4 [DE-13.2]. Plaintiff appealed the ALJ's order of dismissal to the Appeals Council. However, on 30 January 2009, the Appeals Council denied Plaintiff's challenge to the ALJ's dismissal order. Notice of Appeals Council Action [DE-16.2, Ex. 6]. Thereafter, Plaintiff filed this civil action and on 12 June 2009, and in lieu of filing an Answer to the Complaint, Defendants filed the instant motion. [DE-12]. On 29 June 2009, Plaintiff responded to Defendant's motion [DE-15] and on 14 July 2009, Defendant replied [DE-16].

## II. STANDARD OF REVIEW

Defendant has moved pursuant to both Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint on the basis that there has been no final decision of the Commissioner of Social Security ("Commissioner") as required under section 205(g) of the Act, 42 U.S.C. 405(g). [DE-12].[3]

When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. (Richmond) v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A party may attack the subject matter jurisdiction

---

[3] While Defendant has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), the focus of Defendant's memorandum is the absence of the Court's subject matter jurisdiction. The Court will therefore address the merits of the motion under Rule 12(b)(1). *See e.g., Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007) (treating a motion to dismiss attacking "the substance of the complaint's jurisdictional allegations" as brought under Rule 12(b)(1) even if identified by the moving party as brought under Rule 12(b)(6)) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

of the court on the grounds that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or on the grounds that the jurisdictional facts alleged in the complaint are untrue. *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams*, 697 F.2d at 1219. A district court should allow a Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

## III. ANALYSIS

Defendant argues that the Court lacks subject matter jurisdiction under Section 405(g) to entertain Plaintiff's complaint because there has been no "final decision" of the Commissioner as to Plaintiff's second application for benefits. Def.'s Mem. at 1. Defendant's contention is based on the following: (1) Plaintiff's first application became administratively final due to Plaintiff's failure to timely exhaust her administrative remedies; (2) Plaintiff's second application presents facts and issues identical to those presented in Plaintiff's first application and therefore the bar of administrative *res judicata* has attached under 20 C.F.R. § 404.957(c)(1); and (3) no colorable constitutional claim has been alleged by Plaintiff; thus, this Court has no jurisdiction to review the Commissioner's *res judicata* determinations or the Commissioner's decision not to reopen a previously adjudicated claim for disability benefits. *Id.* at 7-8.

Plaintiff opposes the motion on two grounds. First, Plaintiff does not dispute that her second application for benefits presents the identical facts and issues of her first application.

Rather, Plaintiff argues that *res judicata* is only applicable to proceedings of an adjudicative nature; therefore, *res judicata* cannot be applied to Plaintiff's claim for relief because she did not have a hearing on her first application. Pl.'s Resp. at 2. In the alternative, Plaintiff contends that in the course of evaluating newly-proffered evidence of Plaintiff's condition at the time of the previously denied application, the Commissioner's actions resulted in a constructive reopening of her prior claim, and therefore *res judicata* does not apply. *Id.* at 6.

*A. Jurisdiction*

In order for this Court to exercise jurisdiction over a decision of the Commissioner, that decision must be considered the Commissioner's "final decision." *See* 42 U.S.C. § 405(g) ("Any individual, after any *final decision* of the Commissioner . . . made after a hearing . . . may obtain a review of such decision by a civil action . . . ." ) (emphasis added); *see Califano v. Sanders*, 430 U.S. 99, 108 (1977) (narrowly construing Section 405(g) to authorize federal courts to review only final decisions made after a hearing); *see also Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) (explaining "the only avenue for judicial review [of the denial of social security benefits] is [Section] 405(g), which requires exhaustion of the administrative remedies provided under [the Act] as a jurisdiction prerequisite"). To obtain a judicially reviewable "final decision" regarding entitlement to disability insurance benefits, the claimant must complete an administrative review process. 20 C.F.R. § 404.900(a); *see generally Sanders*, 430 U.S. at 101 (articulating general procedures).

The administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an ALJ, and (4) Appeals Council review. *Id.* § 404.900(a)(1-4). Proceeding through these stages exhausts the claimant's administrative

remedies. Only upon completion of these steps may the claimant then seek judicial review by filing an action in a federal district court.[4] *Id.* § 404.900(a)(5). Throughout the administrative review process, the onus is on the claimant to request the next administrative step. *Id.* § 404.900(a)(1-4).

*B. Res Judicata*

If a claimant does not request review of the Commissioner's initial determination, the decision becomes administratively final. 20 C.F.R. § 404.905 (explaining "[a]n initial determination is binding unless [the claimant] request[s] a reconsideration within the stated time period . . . ."); 20 C.F.R. § 404.987(a) ("Generally, if [a claimant is] dissatisfied with a determination or decision made in the administrative review process, but do[es] not request further review within the stated time period, [the claimant] lose[s] [her] right to further review and that determination or decision becomes final."). Under the doctrine of *res judicata*, this administratively final decision is given preclusive effect in the consideration of subsequent applications for benefits with the identical facts and issues. *See McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981) (explaining "an earlier administrative decision at any level in the adjudicative process may be final and therefore properly treated as preclusive of a subsequent claim . . . because . . . judicial review has not been timely sought"); *see also Easley v. Finch*, 431 F.2d 1351, 1353 (4th Cir. 1970) ("If a claimant has no right to judicial review of a decision

---

[4] Following the determination at each step of the administrative process, a disappointed claimant is notified that she must proceed to the next step within sixty (60) days of the notice of the action taken otherwise the decision of the Commissioner is binding. *See id.* § 404.909(a)(1) (reconsideration); § 404.933(b)(1) (hearing before an ALJ); § 404.968(a)(1) (appeals council review); § 404.981 (judicial review). Nonetheless, at each stage, the SSA may grant additional time upon a claimant's showing of good cause as defined by the rules. *See id.* §§ 404.909(b), 404.933(c), 404.968(b), 404.982.

denying him benefits unless he brings an action within sixty days of the denial, he has no right to regain it, or indefinitely extend it, by a perfunctory reassertion of his claim after expiration of the time to seek judicial review."). Accordingly, when the doctrine applies, an ALJ acts properly in dismissing a request for a hearing regarding a second application on this basis. 20 C.F.R. § 404.957(c)(1) (explaining a claimant's subsequent application for benefits may be barred by the application of "the doctrine of *res judicata* [when the Commissioner has] made a previous determination or decision . . . about [the claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action").

Here, following the denial of Plaintiff's first application, Plaintiff did not seek administrative reconsideration. As a result of Plaintiff's failure to exhaust her administrative remedies in connection with her first application, the Commissioner's decision became administratively final. *See* Order of Dismissal at 7 ¶ 3 [DE-13.2] (noting the denial of Plaintiff's first application "became administratively final because the claimant did not request review within the stated time period). In her subsequent application, Plaintiff has alleged the same onset date and disability as she advanced in her first claim. *See* Pl.'s Mem. at 1; Order of Dismissal at 7 [DE-13.2]. Finding none of the conditions for reopening under 20 C.F.R. § 404.988 present in her case, *see infra* Section III(C), the ALJ denied Plaintiff a hearing on her current application on the grounds of *res judicata*. *See* Order of Dismissal at 7 [DE-13.2].

Plaintiff, however, contends that an initial determination by the Commissioner denying a claimant's application may not act as *res judicata* on a subsequent application because an initial denial is not a full adjudication on the merits. *See* Pl.'s Mem. at 2. In support of her contention,

Plaintiff relies on 42 § U.S.C. 405(h), which provides, in part, that "[t]he findings and decisions of the Commissioner . . . *after a hearing* shall be binding upon all individuals who were parties to such hearing." *Id.* at 2-3. Emphasizing the phrase "after a hearing," Plaintiff contends "the plain language" of Section 405(h) "is consistent with traditional judicial *res judicata*, which may apply only after a *full adjudication on the merits*." *Id.* at 3 (emphasis in original).

In further support, Plaintiff relies on the Second Circuit's decision in *Delamater v. Schweiker*, 721 F.2d 50 (2d Cir. 1983), which held that *res judicata* does not apply to administrative proceedings where no hearing has been held. Pl.'s Mem. at 4-5 (*citing Delamater*, 721 F.2d at 53-54) (explaining the Commissioner's initial decision to deny or grant benefits is an administrative decision thus *res judicata* has no application as that doctrine only applies to determinations made after an adjudication)). The Fourth Circuit, however, has considered this very issue and has expressly held to the contrary. *See Leviner v. Richardson*, 443 F.2d 1338, 1342 (4th Cir. 1971). In considering the contention that *res judicata* may not apply until a hearing has been held, the *Leviner* court explained:

> The sole legal question in this case is whether the doctrine of *res judicata* is applicable *where no hearing was requested on the prior claim* so that the [Commissioner's] determination became final without a hearing. The only Court of Appeals which has considered the question is that of the Third Circuit. In *Domozik v. Cohen*, 413 F.2d 5 (3[d] Cir. 1969) (per curiam), it was held that where a claimant filed an application for disability benefits which was denied on the ground that disability was absent on the terminal date of his insured status and *where the claimant failed to exercise his right to reconsideration* and to a hearing, the denial was nevertheless res judicata of a subsequent application for the same benefits on the same grounds. We agree.

443 F.2d at 1342 (emphasis added);[5] *accord McGowen*, 666 F.2d at 65 (explaining "an earlier administrative decision *at any level in the adjudicative process may be final* and therefore properly treated as preclusive of a subsequent claim . . . .") (emphasis added); *see Absher v. Sec'y of Health, Educ. & Welfare*, 371 F. Supp. 873, 876 (M.D.N.C. 1974) (explaining "the doctrine of *res judicata* applies even though there has been no administrative hearing). Accordingly, based on this binding precedent, Plaintiff's reliance on *Delamater* is misplaced.

Plaintiff did not exhaust her administrative remedies in connection with her first application. Had she done so, she would have been in a position to file a civil action in this court so as to address any alleged deficiencies in the administrative proceedings. Having failed to do so, Plaintiff may not now invoke the jurisdictional provisions of Section 405(g) to review the ALJ's decision to deny her present claim on the basis of *res judicata*. *See Tobak v. Apfel*, 195 F.3d 183, 187 (3d Cir. 1999) ("It is well settled that federal courts lack jurisdiction under § 205 to review the Commissioner's discretionary decision . . . to deny a subsequent application on *res judicata* grounds.") (citing *Sanders*, 430 U.S. at 107-09); *see also Neighbors v. Sec'y of Health, Educ. & Welfare*, 511 F.2d 80, 81 (10th Cir. 1974) (holding "where an applicant under the Act has filed a second application raising a claim for relief previously passed upon in an earlier application and where such subsequent application was dismissed without hearing on the ground of *res judicata*, there is no 'final order of the Secretary made after hearing' and hence the court lacks jurisdiction to entertain a suit challenging such earlier decision" and citing cases); *Carney v. Califano*, 459 F. Supp. 537, 539 (W.D. Mo. 1978) (noting "[t]he majority of courts have concluded that where an applicant has filed a second application raising a claim for benefits

[5] In *Domozik*, the court explained that "the *res judicata* principle has been applied even where no hearing had been held on the prior claim." *Domozik*, 413 F.2d at 8 (collecting cases).

previously passed upon in an earlier application for benefits and such application is dismissed without hearing on the grounds *of res judicata*, there is no final decision of the [Commissioner] made after a hearing and the Court lacks jurisdiction to review the action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g)" and collecting cases).

Despite her acknowledgment of the Fourth Circuit's holding in *Leviner*, Plaintiff urges the Court "to consider the spirit of administrative *res judicata*, which she contends is more lenient toward claimants than is judicial *res judicata*." Pl.'s Mem. at 3 n.2 (emphasis omitted). Without citation to authority, Plaintiff supports her argument with the fact that she was not represented by counsel in the earlier proceeding. *See id.* However, "[a]n applicant for disability benefits is not entitled as of right to the assistance of counsel." *Absher*, 371 F. Supp. at 877 (citing *Easley*, 431 F.2d 1351).

In considering Plaintiff's argument, the Court finds *Easley* instructive. *See Easley*, 431 F.2d. at 1353 (explaining the "doctrine [of res judicata] is not to be so inflexibly applied to work manifest injustice") (citing *Grose v. Cohen*, 406 F.2d 823 (4th Cir. 1969)). In *Easley*, the court considered the lack of counsel an insufficient basis for disregarding the principle of *res judicata*, explaining

> The [SSA] provides an applicant with assistance to prove his claim. . . . Although only about five per cent of all applicants are represented by counsel at the initial and reconsideration stages, the majority of claims are allowed. This hardly suggests the existence of widespread unfairness to applicants unrepresented by counsel or of procedural or other hurdles which are insurmountable by laymen. *The contrary, in fact, is demonstrated by this case. Assisted by counsel* on his fourth application, *Easley was unable to present any relevant evidence* of his condition that had not already been presented on his second application, when he had no assistance other than that provided by the SSA.

*Id.* at 1353-54 (emphasis added). Similarly, Plaintiff was represented by counsel on her second application, yet was unable to present any relevant evidence of her condition that had not already been presented on her first application. Moreover, Plaintiff has not claimed that the Commissioner's decision was founded on error manifest on the face of the record nor has Plaintiff made "any showing that [she] was prejudiced by lack of counsel." *See Absher*, 371 F. Supp. at 877 (citing *Easley*, 431 F.2d 1351); *see Grose*, 406 F.2d at 825-26 (explaining "it was error on the face of the evidence for the Secretary to attribute to Grose all the earnings from the paper route and to assume that Grose alone could operate the route, when uncontradicted evidence disclosed the necessity of help from his family").

The ALJ and the Appeals Council acted correctly in this case. It follows that since *res judicata* principles were properly applied and no hearing was held, there has been no final decision within the meaning of Section 205(g) of the Act, and therefore there is no jurisdictional basis for judicial review.

*C. Constructive Reopening*

While *res judicata* may ordinarily bar a plaintiff from asserting the same claim in a subsequent proceeding as was already advanced in a prior proceeding, the SSA may, on its own initiative or on the suggestion of the plaintiff, choose to reopen a prior determination. 20 C.F.R. § 404.987(b). An agency determination or decision made during the administrative review process may be reopened by the SSA for any reason within twelve months of the decision and for good cause within four years. 20 C.F.R. § 404.988(a)-(b). The SSA will find "good cause" to reopen if new and material evidence is furnished.[6] 20 C.F.R. § 404.989(a)(1). Here, finding

[6] The SSA will also find good cause for reopening a determination or decision if

that no "new and material evidence has been submitted,"[7] the ALJ concluded that no good cause existed to reopen the prior claim. *See* Order of Dismissal at 7 ¶ 5 [DE-13.2].

Generally, federal courts lack jurisdiction to review an ALJ's decision not to reopen a prior claim for benefits because such a decision is not a final decision within the meaning of the Act. 42 U.S.C. § 405(g); *see Sanders*, 430 U.S. at 107-08. However, two exceptions exist to a district court's lack of jurisdiction. These exceptions occur when a claimant raises a colorable claim of unconstitutionality, *see Sanders*, 430 U.S. at 109; *Young v. Bowen*, 858 F.2d 951, 954 (4th Cir. 1988), and when the Commissioner, in denying a petition to reopen an earlier application, actually addresses the merits of the claim, thereby constructively reopening the prior application. *See McGowen*, 666 F.2d at 65-66.

Plaintiff has not alleged that her rights under the United States Constitution have been violated by the actions of Defendant. Rather, Plaintiff contends that in the course of evaluating

---

...

(2) A clerical error in the computation or recomputation of benefits was made; or
(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

20 C.F.R. § 404.989(a)(2), (3).

Here, Plaintiff relies only on the furnishing of new and material evidence. Pl.'s Mem. at 6. Evidence is "new and material" if it is not duplicative or cumulative of that which is already in the record, there is a reasonable possibility that it would have changed the outcome of the decision, and it relates to the time period for which benefits were denied. 20 C.F.R. § 404.970(b); *Wilkins v. Sec'y, Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (citations omitted); *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985) (citation omitted).

[7] The ALJ's opinion does not describe the additional evidence proffered by Plaintiff. However, the Notice of Appeals Council Action, dated 30 January 2009, provides a summary of this evidence. *See infra* Section III(C) n.9.

the additional evidence proffered by Claimant as "new and material,"[8] the Commissioner reconsidered Plaintiff's first claim on the merits, thereby constructively reopening her prior application and nullifying the *res judicata* effect of the Commissioner's prior determination. Pl.'s Mem. at 6. In support of her contention, Plaintiff points to language appearing in the following:

> (1) Notice of Disapproved Claim dated 26 December 2006, sent in response to Plaintiff's request for reconsideration of the initial denial of her second application for benefits [DE-16.2, Ex. 4]; Halse Decl. at 3 ¶ 4(b) [DE-16.2]; and
>
> (1) Notice of Appeals Council Action dated 30 January 2009, sent in response to Plaintiff's request for review of the ALJ's Notice of Dismissal [DE-13.2, Ex. 2]; Halse Decl. ¶ 4(c) [DE-16.2].

*See* Pl.'s Mem. at 6-7.

With respect to the Notice of Disapproved Claim, Plaintiff contends the following statement by the SSA demonstrates a re-opening of her prior claim: "Someone who did not make the first decision reviewed your case, including any new facts we received, and found that our first decision was correct." [DE-16.2, Ex. 4]. However, upon reading the Notice in its entirety, it is evident that the Appeals Council (and thus the Commissioner) made this comment in the context of deciding whether its initial determination denying Plaintiff benefits was correct.

---

[8] The additional evidence includes nerve conduction studies performed on 13 July 2004 at Wilmington Health Associates, a progress note dated 8 January 2008 by Dewey Bridger, M.D., and a residual functional capacity ("RFC") assessment by Dr. Bridger dated 8 January 2008. [DE-13.2, Ex. 2]. Noting the nerve conduction studies were included in the medical evidence contained in Plaintiff's prior claim, the Appeals Council concluded that this evidence was not new and material. *Id.* With respect to records from Dr. Bridger, the Appeals Council noted that he did not begin treating Plaintiff until September 2007, almost three years after Plaintiff's DLI. *Id.* Regarding Dr. Bridger's RFC assessment, the Appeals Council found that it was not "unsupported by demonstrable clinical findings." *Id.* Plaintiff does not dispute the Appeals Council's summary of the additional evidence.

Indeed, the sentence immediately preceding that quoted by Plaintiff states "[y]ou asked us [the SSA] to take another look at your claim for benefits." *Id.* The Notice explains further that Plaintiff's second application concerned "the same issues which were decided when an earlier claim was denied" and that the additional evidence proffered by Plaintiff "[did] not show that there was a change in [Plaintiff's] health before [her DLI]." *Id.* Despite Plaintiff's contention to the contrary, this Notice is not "an unabashed re-assertion of the Commissioner's position *on the merits*, in light of newly-offered evidence." Pl.'s Mem. at 7 (emphasis in original). Rather, the Notice shows merely that the Appeals Council considered Plaintiff's earlier application for the limited purpose of deciding whether there was good cause to reopen it.

Next, Plaintiff contends that in assessing whether the additional evidence submitted with Plaintiff's current application was "new and material," the Appeals Council made a credibility determination regarding a medical opinion, and that "[i]t is perfectly obvious that the reason for this credibility determination was to re-assess [Plaintiff's] prior claim in light of the [] recent [medical] opinion. Pl.'s Mem. at 8. Plaintiff points to the following language in the Notice of Appeals Council Action in support of this contention:

> The evidence . . . indicated the central nervous system from CN 2-12 was intact; there was no numbness in the feet or hands, and there was mildly reduced grip strength in the hands. Dr. Bridger's [RFC] assessment dated January 9, 2008 indicates greater impairments, the need to elevate both legs, etc., but these physical capacity assessment opinions are unsupported by demonstrable clinical findings.

Pl.'s Mem. at 7 (quoting Notice of Appeals Council Action at 10 ¶ 2 [DE-13.2]). However, upon a complete reading of the Notice, it is evident that the Appeals Council made these statements in the context of deciding whether Plaintiff had demonstrated good cause in the form of furnishing new and material evidence for reopening her earlier application. *See* 20 C.F.R. § 404.989(a)(1)

Plaintiff makes no showing that the Appeals Council ruled on the merits of the earlier evidence. Rather, the Appeals Council reviewed documentation from Dr. Bridger in light of Plaintiff's counsel's contention that these records change the material facts of Plaintiff's case. [DE-13.2].

This "threshold inquiry into the nature of the evidence should not be read as a reopening of this claim on the merits." *McGowen*, 666 F.2d at 68. Otherwise, such inquiries would lead to frequent unwarranted judicial review, defeating Congress' choice for finality. *See Sanders*, 430 U.S. at 108. Accordingly, the Commissioner "must be afforded some leeway in making a decision whether to reopen, so that it may 'in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim.'" *Hall v. Chater*, 52 F.3d 518, 521 (4th Cir. 1995) (quoting *McGowen*, 666 F.2d at 67)). Here, the Appeals Council engaged in no more than this simple inquiry. *See McGowen*, 666 F.2d at 68 (explaining the "Appeals Council's letter . . . explaining the basis of its affirmance of the ALJ's dismissal on *res judicata* grounds and its determination that the evidence newly proffered did not justify reopening . . . [c]annot properly be treated as a consideration of that evidence on its merits").

Further, "[w]hen . . . [this inquiry] is followed by a specific conclusion that the claim should be denied on *res judicata* grounds, the threshold inquiry into the nature of the evidence should not be read as a reopening of this claim on the merits." *Id.* at 68. Such is precisely the case before this Court. The Appeals Council's consideration of the evidence submitted by Plaintiff as "new and material" was simply a prelude to the very express determination that grounds did not exist to alter the ALJ's decision not to reopen Plaintiff's prior claim and accordingly, to uphold the ALJ's Order of Dismissal on the basis of *res judicata*.

In sum, while Plaintiff presented new medical evidence in conjunction with her more recent application for benefits, the new evidence was either duplicative or unrelated to the period of time during which she still enjoyed insured status - findings not disputed by Plaintiff. Inasmuch as there was sufficient cause for the Commissioner to conclude that the new application constituted the same claim as that filed earlier, the application of administrative *res judicata* was legally correct. Furthermore, the record reveals that in adjudicating this matter, the Commissioner did not undertake to consider the prior claim on the merits so as to constitute a constructive reopening of the case.

## CONCLUSION

For the foregoing reasons, this Court recommends that Defendants' motion to dismiss for lack of subject matter jurisdiction be ALLOWED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 31st day of August, 2009.

Robert B. Jones, Jr.
United States Magistrate Judge