IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-55-FL

| | | |
|---|---|---|
| LENA BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (6). (DE # 12.) Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") wherein he recommended that the court grant defendant's motion to dismiss. (DE # 17.) Plaintiff timely filed an objection to the M&R (DE # 20), and defendant responded. (DE # 22.) In this posture, the matter is ripe for ruling. For the reasons that follow, the court accepts the magistrate judge's findings and recommendations, rejects plaintiff's objections to the M&R, and dismisses the current action.

## STATEMENT OF THE CASE

Plaintiff first filed an application for Disability Insurance Benefits on September 14, 2004. (Def.'s Mem. Supp. Mot. Dismiss, Halse Aff. ¶4.) On January 6, 2005, plaintiff's claim was denied, and she did not request reconsideration. (Id.) Plaintiff filed a second application for disability insurance benefits on November 3, 2006. (Def.'s Mem. Supp. Mot. Dismiss, Halse Aff., Ex. 1.) Her claim was denied initially and upon reconsideration. (Id.) After denial, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Id.) On March 28, 2008, the ALJ dismissed

plaintiff's request for a hearing on the grounds that the doctrine of administrative *res judicata* applied because plaintiff presented the same facts and issues as in her first claim. (Id.) The ALJ also concluded that the first determination made on January 6, 2005, should remain final and should not be reopened. (Id.) Plaintiff appealed the ALJ's decision to the Appeals Council. (Def.'s Mem. Supp. Mot. Dismiss, Halse Aff., Ex. 2.) The Appeals Council denied plaintiff's request for review on January 30, 2009. (Id.)

On April 9, 2009, plaintiff filed a complaint in this court seeking review of the ALJ's decision, which dismissed plaintiff's claim on the basis of administrative *res judicata*. (Comp.¶ 3; Def.'s Mem. Supp. Mot. Dismiss, Halse Aff., Ex. 1.) Defendant responded by filing a motion to dismiss on June 15, 2009. Plaintiff filed a response on June 29, 2009, and defendant filed a reply on July 14, 2009. The matter was referred to the magistrate judge, who recommended that the court dismiss plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff objected on September 28, 2009, and defendant responded on October 13, 2009.

## DISCUSSION

I.  Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claim. See Fed. R. Civ. P. 12(b)(1). A party may attack subject matter jurisdiction on the ground that either the complaint fails to allege facts upon which subject matter can be based or that the jurisdictional facts alleged are untrue. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Once challenged, the burden of proving subject matter jurisdiction lies with the plaintiff. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The motion should only be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to

2

Case 7:09-cv-00055-FL   Document 23   Filed 11/03/09   Page 2 of 8

prevail as a matter of law." Richmond, Fredericksburg & Potomac Railroad Co. v. United States et al., 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of a complaint. See Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). When deciding a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. See GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 546 (4th Cir. 2001). Dismissal is only proper if it appears that the plaintiff can prove no set of facts which would support his or her claim. Mylan Laboratories v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 2000).

To assist it in making such a determination, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions, including a motion to dismiss. 28 U.S.C. § 636(b)(1)(B). In addressing plaintiff's objection to the M&R, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

II. Plaintiff's Objections

First, plaintiff objects to the magistrate's conclusion that an initial determination by the Social Security Administration ("SSA") can support the application of the doctrine of *res judicata*.

3

(Pl.'s Obj. 1.) She argues that the initial determination does not amount to a hearing on the merits, and therefore, it does not have a preclusive effect. Second, plaintiff objects to the magistrate's finding that the Commissioner only considered the nature of the new evidence she submitted. (Pl.'s Obj. 2.) Rather, she argues that, even if the doctrine of *res judicata* applies, the Commissioner reopened her case on the merits when he evaluated the new evidence she submitted.

    A.    Administrative *Res Judicata* Bars Rehearing Plaintiff's Claim

Plaintiff first objects to the magistrate's conclusion that an initial determination which becomes the final decision of the Commissioner can have a preclusive effect on subsequent actions. She argues that administrative *res judicata* can only apply if there has been a hearing on the claim. Thus, she asserts that *res judicata* does not bar this court from hearing plaintiff's claim.

An initial determination by the Commissioner becomes final if the claimant does not request review within the specified time period. 20 C.F.R. § 404.905. Once an administrative decision is final, it can be "treated as preclusive of a subsequent claim either because the decision has been judicially affirmed or because administrative reconsideration, hearing, or judicial review has not been timely sought." McGowen v. Harris, 666 F.2d 60, 65 (4th Cir. 1981). Thus, the Commissioner may properly dismiss a claimant's subsequent filing on the grounds of administrative *res judicata* if it involves the same facts and issues as the original claim. Id. When the Commissioner dismisses on the grounds of administrative *res judicata*, the court is without jurisdiction to review the Commissioner's decision to apply *res judicata* and not reopen the claim. Id. Nonetheless, even if the Commissioner asserted *res judicata* as its grounds for dismissal, the court would have jurisdiction to review the claim if the plaintiff raised a constitutional objection to the application of *res judicata*. Califano v. Sanders, 430 U.S. 99, 109 (1977).

Here, Commissioner's initial determination on plaintiff's September 14, 2004, application for disability insurance benefits became final when plaintiff did not seek reconsideration of her claim. As a result, this initial determination had a preclusive effect on subsequent applications, such as plaintiff's November 2006 application for benefits regarding the same claim. See Leviner v. Richardson, 443 F.2d 1338, 1342 (4th Cir. 1977) (holding an initial determination which becomes final can support the application of *res judicata* on a subsequent claim regarding the same facts and issues). Accordingly, it was permissible for the Commissioner to dismiss plaintiff's subsequent claim on the grounds of administrative *res judicata*, and this court is without jurisdiction to review the Commissioner's decision to apply *res judicata*.

Plaintiff acknowledges the holding of Leviner but argues that applying *res judicata* to a determination that lacked a hearing is not "faithful to due process." (Pl.'s Obj. 2; Pl.'s Resp. Def.'s Mot. Dismiss 2–5). To the extent that plaintiff's argument can be construed as a constitutional objection to the application of *res judicata*, the court finds plaintiff fails to state a claim. The law in this circuit allows the Commissioner to treat an initial determination which is not appealed as a final decision with a preclusive effect. See, e.g., McGowen, 666 F.2d at 66; Leviner, 443 F.2d at 1342. Implicit in this holding is that the initial determination, even when not appealed, comports with the requirements of due process. Thus, plaintiff only raises a colorable constitutional claim if she alleges specific facts that support the claim that giving the initial determination a preclusive effect in this instance would violate due process. See Culbertson v. Sec'y of Health & Human Servs., 859 F.2d 319, 322–24 (4th Cir. 1988) (giving preclusive effect to *ex parte* determinations of plaintiff's prior claim violated due process in light of her mental incompetence and lack of representation); Shrader v. Harris, 631 F.2d 297, 302 (4th Cir. 1980) (finding that, in light of

5

plaintiff's mental illness, he was deprived of due process when Commissioner denied plaintiff's subsequent claim on the basis that its original *ex parte* determination precluded further review). Plaintiff has not alleged any specific facts that raise a constitutional claim regarding why giving a preclusive effect to an *ex parte* determination would violate due process here. Thus, any alternative constitutional claim that plaintiff may have vaguely asserted must also be dismissed for failure to state a claim.

B.   The Commissioner Did Not Constructively Re-Open Plaintiff's Claim

Plaintiff next objects to the magistrate's finding that the Commissioner did not constructively reopen her claim. She argues that the Commissioner considered new evidence and made credibility determinations regarding this evidence. As a result, she argues that the Commissioner reopened her original case, and the doctrine of administrative *res judicata* does not apply. Because *res judicata* does not apply, she asserts that this court has jurisdiction to review her complaint.

The Commissioner can reopen an otherwise final claim if "new and material evidence has been submitted." 20 C.F.R. § 404.989. If the Commissioner does not reopen the claim and instead dismisses the subsequent claim on the grounds of administrative *res judicata*, such dismissal is not a "final action" subject to review by this court. See 42 U.S.C. § 405(g); Sanders, 430 U.S. at 107–08 (1977). However, if in the Commissioner's subsequent determination he actually reconsiders the original action on its merits, then *res judicata* does not apply and jurisdiction exists to permit this court to review the decision. See Hall v. Chater, 52 F.3d 518 (4th Cir. 1995). When evaluating whether to reopen the claim, the Commissioner can make a threshold inquiry into the newly submitted evidence without considering the original case on the merits: the "Secretary must be afforded some leeway in making a decision whether to reopen, so that it may 'in fairness look far

6

enough into the proffered factual and legal support to determine whether it is the same claim.'" Id. at 521 (quoting McGowen, 666 F.2d at 67).

Here, the ALJ compared the new evidence to the original evidence and concluded the same facts and issues were involved in both claims. Accordingly, the ALJ applied the doctrine of administrative *res judicata* and dismissed plaintiff's November 2006 application. Similarly, the Appeals Council recited plaintiff's proffered new evidence from 2004 and concluded that the evidence was included in the first determination and, thus, was not new evidence. The Appeals Council also described the medical evidence plaintiff submitted from 2007 and 2008 and concluded the evidence was not material for the purpose of reopening plaintiff's original claim. As a result, the Appeals Council concluded this evidence did not provide a basis for reversing the ALJ's dismissal.

This court finds that the Commissioner's recitation and description of the newly submitted evidence did not amount to a constructive reopening of plaintiff's claim. The Commissioner made only a threshold inquiry into the proffered evidence to determine whether the evidence was new and material. Such an inquiry should not be construed as a constructive reopening of plaintiff's original claim. See Hall, 52 F.3d at 520–21 (finding the Appeals Council did not reopen plaintiff's claim when it evaluated the newly submitted evidence and concluded it did not warrant reopening plaintiff's original claim); McGowen, 666 F.2d at 68 ("When, as here, [the threshold inquiry] is followed by a specific conclusion that the claim should be denied on res judicata grounds, the threshold inquiry into the nature of the evidence should not be read as a reopening of this claim on the merits."). At neither phase of review did the Commissioner reconsider plaintiff's disability claim on the merits. Cf. Cleaton v. Sec'y, Dep't of Health & Human Servs., 815 F.2d 295, 298–99 (4th Cir. 1987) (finding the Commissioner reopened plaintiff's claim when it evaluated the original

7

Case 7:09-cv-00055-FL   Document 23   Filed 11/03/09   Page 7 of 8

evidence again and concluded plaintiff was not disabled). Rather, the Commissioner only evaluated whether the evidence was new and material. Accordingly, this court is without jurisdiction to review the Commissioner's refusal to reopen plaintiff's claim.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon a considered review of the uncontested proposed findings and conclusions, the court adopts the M&R except as otherwise provided in this order, rejects plaintiff's objections, and dismisses the plaintiff's complaint. Accordingly, defendant's motion to dismiss (DE # 12) is GRANTED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 3rd day of November, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge